**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**Margarita Castellano Calderon,**

    Plaintiff,

       v.

**UNITEX, INC. a/k/a LEONISA, INC,**

    Defendant.

Civil Case. NO. 11-2188 (PG)

<u>OPINION AND ORDER</u>

Before the Court is Defendant's motion to dismiss (Docket No. 4). Therein, Defendant requests that this Court dismiss the ADA claim brought by Plaintiff, since the latter failed to exhaust the administrative remedies prior to filing the above-captioned complaint. For the reasons stated below, this Court **GRANTS** Defendant's request, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's ADA claim.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On December 9, 2011, Plaintiff Margarita Castellano Calderon (hereinafter "Plaintiff"), filed the above-captioned complaint against her employer, UNITEX, INC. (hereinafter "Defendant"), alleging discrimination due to her age, and retaliation for having requested a reasonable accommodation and for having filed a charge of discrimination before the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Antidiscrimination Unit of the Department of Labor and Human Resources (hereinafter "ADU"). See Docket No. 1.

In short, Plaintiff states that Defendant has engaged in a discrimination and harassment campaign against her, and as a consequence, she developed a major depression. Plaintiff also claims that on November of 2010, she requested a medical leave in order to receive treatment for

her mental and emotional condition. Subsequently, on December 30, 2010, Plaintiff filed a discrimination charge before the EEOC and the ADU by reason of age, and notified the Defendant. See Docket No. 1 at ¶ 22. Even after the filing of the claim before the EEOC, Plaintiff alleges that her employer's discrimination and harassment campaign continued, and thus, she proceeded to file suit before this Court. In the same, Plaintiff argues that the events leading to the filing of her complaint constitute illegal discrimination on the basis of age, and retaliation for her requests for reasonable accommodation and for having filed a discrimination claim before the EEOC and the ADU. Consequently, Plaintiff seeks compensation under the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; the American with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*; and supplemental state law claims pursuant to Puerto Rico Law No. 100 of June 30, 1959 ("P.R. Law No. 100"), P.R. LAWS ANN. tit. 29, § 146 *et seq.*; Puerto Rico Law No. 115 of December 20, 1991 ("P.R. Law No. 115"), P.R. LAWS ANN. tit. 29, § 194, *et seq.*; and Puerto Rico Law No. 44 of July 2, 1985 ("P.R. Law No. 44"), as amended. See Docket No. 1.

Defendant filed a motion to dismiss the ADA claim (Docket No. 4). Therein, Defendant asserts that because Plaintiff did not include a charge for disability discrimination before the EEOC, she failed to exhaust the administrative remedies as to this particular claim, and thus, cannot bring an ADA claim before this Court. Furthermore, Defendant argues that since the disability discrimination allegedly took place before the filing of the administrative claim for age discrimination, Plaintiff should have included a claim on those grounds before the agency. By failing to do so,

Civil No. 11-2188  (PG)                                      Page 3

Defendant asserts that Plaintiff is barred from filing suit on those grounds before this Court. See Docket No. 4.

Plaintiff then filed an opposition to Defendant's motion to dismiss (Docket No. 6). In the same, Plaintiff asserts that in the discrimination charge filed before the EEOC she claimed to have developed a severe major depression due to Defendant's harassing and discriminatory actions. Moreover, Plaintiff alleges that her ADA causes of action are directly related to Plaintiff's age harassment, discrimination and retaliation causes of actions. Plaintiff contends that pursuant to the exception set forth in Clockedile v. New Hampshire Dept. of Corrections, 245 F.3d.1 (1st Cir. 2001), her ADA cause of action has been properly included in the case at bar. See Docket No. 6. Plaintiff additionally asserts that the "scope of an employment discrimination action is not strictly limited to those incidents described in the administrative complaint." Id. (citing Sinia v. Verizon New England, Inc., 76 Fed. Appx. 338, 341 (1st Cir. 2003). The Plaintiff alternatively argues that if this Court were to limit the scope of her complaint so narrowly as to bar her ADA claim, it would be binding Plaintiff to her administrative charge, which was prepared without the advice of legal counsel.

On February 23, 2012, Defendant filed a reply to Plaintiff's opposition (Docket No. 7), wherein Defendant argues that the rule set forth in Clockedile, which allows the filing in Court of a retaliation claim that could reasonably grow out of the filing of an initial charge or be related to it, is inapplicable to the case at hand, since a disability claim is totally different from an age discrimination claim. Moreover, Defendant claims that the Clockedile exception does not extend to non-retaliation claims. See Docket No. 7.

Plaintiff then filed a sur-reply (Docket No. 12) arguing that since she included all the factual allegations in support for her ADA cause of action in her administrative discrimination charge, she has indeed exhausted the administrative remedies as to her disability discrimination claim. See Docket No. 12. Also, Plaintiff avers that, contrary to Defendants assertions, the Clockedile exception is not limited to retaliation claims. Id.

## II. STANDARD OF REVIEW

Motions to dismiss brought under FED.R.CIV.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994). Firstly, when ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)). Additionally, courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir. 2008) (internal citations and quotation marks omitted).

In determining whether dismissal of a complaint is appropriate pursuant to Rule 12(b)(1) or 12(b)(6), the court must keep in mind that "[t]he general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief… this short and

plain statement need only give the defendant fair notice of what the… claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (internal citations and quotation marks omitted). Nevertheless, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has… held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level… on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will… be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

"In resolving a motion to dismiss, a court should employ a two pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (citing Twombly, 550 U.S. at 555) (internal quotation marks omitted). Although a complaint attacked by a motion to dismiss pursuant to Federal

Civil No. 11-2188  (PG)                                              Page 6

Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations… a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Iqbal, 129 S.Ct. at 1960). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernández, 640 F.3d at 9 (citing Iqbal, 129 S.Ct. at 1951).

When evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if… a recovery is very remote and unlikely." Ocasio-Hernández, 640 F.3d at 12-13 (citing Twombly, 550 U.S. at 556). Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernández, 640 F.3d at 13.

### III. DISCUSSION

Claims arising from the American with Disabilities Act require compliance with the administrative procedures as set out in Section 2000e-5(e)(1) of Title VII. See Bonilla v. Muebles J.J. Álvarez, Inc., 194 F.3d 275, 277 (1st Cir. 1999). Moreover, Section 2000e-5(e)(1) establishes that an aggrieved employee alleging discrimination shall file an administrative claim within "'one hundred and eighty days after the

alleged unlawful employment practice occurred,' or within 300 days if 'the person aggrieved has initially instituted proceedings with [an authorized] State or local agency.'" Bonilla, 194 F.3d at 278. Such compliance is a precondition to the commencement of suit in district court. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982) (finding that exhaustion of administrative remedies is a prerequisite to filing a Title VII suit in district court). See also Perez v. Municipality of Anasco, 769 F. Supp. 2d 52 (D.P.R 2010)(Plaintiffs' ADA claims were dismissed for failure to exhaust administrative remedies).

There are some exceptions to the requisite of exhausting administrative remedies. For instance, there is the "scope of the investigation rule," which allows a district court to go beyond the facts stated in an administrative charge and consider collateral and alternative bases or acts that would have been uncovered in a reasonable investigation. See Lattimore v. Polaroid Corp., 99 F.3d 464 (1st Cir. 1996). However, since the parties do not argue that this rule applies in the case at hand, this Court will not address said rule herein. Another known exception is the "reasonably related retaliatory claims test." Claims of retribution for filing a charge before the EEOC are "preserved so long as they are reasonably related to, or grow out of, the conduct complained of at the administrative level – e.g., the retaliation is for filing the agency complaint itself." Clockedile, 245 F.3d at 6 (emphasis ours). Hence, failure to file an EEOC charge for retaliatory practices does not bar the district court from entertaining a plaintiff's retaliation claim. "The exception is intended to minimize the danger of mouse-trapping complainants, who often file their administrative

Civil No. 11-2188  (PG)                                        Page 8

complaint without the benefit of legal counsel." Clockedile, 245 F.3d at
4.

    With regards to the limited exception set forth in Clockedile, the
First Circuit Court explicitly stressed that it is inapplicable to claims
"based on additional acts of discrimination or alternative theories that
were never presented to the agency." Clockedile, 245 F.3d at 6. When
implementing the Clockedile rule, some District Courts have considered
retribution claims to be preserved under the reasonably related
retaliatory claims test when the retaliation claims are brought under the
same legislative act as the administrative charge. See Montalvo-Padilla
v. University of P.R., 498 F.Supp.2d 464 (D.P.R. 2007); Sanchez Ramos v.
Puerto Rico Police Dept., 392 F.Supp.2d 167 (D.P.R. 2005); Acevedo
Martinez v. Coatings, Inc. and Co., 286 F.Supp.2d 107 (D.P.R. 2003).

    In the case at hand, Plaintiff first filed a charge with the EEOC
and the ADU asserting discrimination by reason of age, and the agency
subsequently issued a right to sue letter. Plaintiff failed to include a
charge for disability discrimination or to otherwise amend the charge to
include such a claim. Plaintiff proceeded to file suit before this Court
alleging discrimination by reason of age, a retaliation claim for filing
her EEOC charge of age discrimination, as well as an ADA claim. Plaintiff
undoubtedly exhausted the administrative remedies with regards to her age
discrimination and retaliation claims. However, Defendant does challenge
the exhaustion of administrative remedies of Plaintiff's ADA claim.
Plaintiff, on her part, argues that her ADA claim is properly brought
under the Clockedile exception, since the same grows out of, and is
directly related to the conduct giving rise to her age discrimination
claim.

This Court finds that Plaintiff's interpretation of the Clockedile exception is too extensive, whereas the First Circuit rationale was that the exception is to be interpreted in a narrower manner, and should only be limited to retaliation claims. See Ara v. Tedeschi Food Shops Inc. 794 F.Supp.2d 259 (D. Mass 2011). Giving the Clockedile exception such a broad interpretation would thwart the underlying principles regarding the exhaustion of administrative remedies. See McClain V. Lufkin Indus., Inc., 519 F. 3d 264 (5th Cir. 2008). In addition, courts have decided that "[t]he preliminary step of the filing of the EEOC charge and the receipt of the right to sue notification are essential parts of the statutory plan." Anjelino v. New York Times Co., 200 F.3d 73, 93 (3d Cir. 1999). Also, the Supreme Court has also stated that "failure by courts to mandate utilization of administrative remedies under the growing insistence of lawyers … inevitably undermines administrative effectiveness and defeats fundamental public policy by encouraging "end runs" around the administrative process." Moore v. City of East Cleveland, Ohio, 431 U.S. 494, 525 (1977).

Since Plaintiff's administrative charges filed before the EEOC do not allege discrimination based on disability, this Court finds that she has not properly exhausted the administrative remedies as to the ADA claim. The Court notes that under the applicable test, a plaintiff needs to establish that a defendant took adverse action in discrimination of a plaintiff's disability. A depression that results from an employer's alleged discrimination based on age does not give rise to an ADA claim. Finally, this Court finds the Clockedile rule to be inapplicable to the case at bar. Therefore, this Court is barred from entertaining that claim

Civil No. 11-2188  (PG)                                            Page 10

at this time[1].

### IV. CONCLUSION

In light of the aforementioned, this Court hereby **GRANTS** Defendant's motion to dismiss (Docket No. 4) and **DISMISSES** Plaintiff's ADA cause of action **WITHOUT PREJUDICE.**


**SO ORDERED.**

In San Juan, Puerto Rico, AUGUST 9th, 2012.

S/ JUAN M. PÉREZ-GIMÉNEZ

JUAN M. PÉREZ-GIMÉNEZ

UNITED STATES DISTRICT JUDGE

---

[1] From the allegations in the complaint, the Court is unable to conclude whether or not Plaintiff is still able to assert an administrative charge under ADA, and is thus forced to dismiss the claim without prejudice.